IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZON LED, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1090-D |
| POWER PARTNERS, INC.; *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendant Power Partners, Inc.'s Motion to Dismiss Amended Complaint [Doc. No. 43], filed pursuant to Fed. R. Civ. P. 12(b)(2), (b)(6) and (c) and Fed. R. Civ. P. 9(b). As one ground for dismissal, Power Partners, Inc. ("Power Partners") asserts a lack of personal jurisdiction in this forum because it is a nonresident defendant with insufficient contacts to the State of Oklahoma to satisfy due process. "Jurisdiction is a threshold question that a federal court must address before reaching the merits of a [case], even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998)); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (personal jurisdiction). Thus, the Court must decide the jurisdictional question raised by Power Partners before reaching any merits issues presented by the Motion.[1]

---

[1] Power Partners asserts as its first ground for dismissal that Plaintiff's claims are barred by a settlement agreement executed in October 2014 to resolve litigation between Power Partners

Plaintiff Zon LED, LLC has filed a response [Doc. No. 51] in opposition to the Motion, and Power Partners has filed a reply brief [Doc. No. 55] and a supplemental exhibit [Doc. No. 60].  The Motion is fully briefed and ripe for decision.[2]

**Factual and Procedural Background**

Plaintiff brings suit to recover damages allegedly caused by the failure of two LED power supply products or "drivers" sold by Power Partners, which is a Massachusetts corporation located in Massachusetts.  Power Partners distributes products manufactured by others; the drivers were produced by a Chinese company, Inventronics, Inc., which was a named defendant in this case but was dismissed for lack of service.  *See* 4/28/17 Order [Doc. No. 63].  Plaintiff has also sued Inventronics USA, Inc., which is an Oklahoma corporation located in Oklahoma City and alleged to be the "United States presence" and "a distribution center" for Inventronics, Inc.  *See* Am. Compl. [Doc. No. 37], ¶ 3.  Plaintiff is a Michigan limited liability company located in Michigan.[3]  Plaintiff asserts claims of common law fraud under Massachusetts law (*see id*. ¶ 38), and breaches of express and

---

and Plaintiff in Massachusetts.  However, a release of claims is an affirmative defense and "does not oust the district court of subject matter jurisdiction" *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012); *see* Fed. R. Civ. P. 8(c).

[2] Plaintiff makes an informal request in its brief for an opportunity to conduct jurisdictional discovery "if the Court accepts the evidence submitted by [Power Partners] in contravention of the Complaint."  *See* Pl.'s Resp. Br. [Doc. No. 51] at 5.  Plaintiff argues that certain facts provided through the declaration of Power Partners' president, Frank Rene (Exhibit 3 to the Motion), are incomplete or disputed.  If the Court intends to rely on this evidence, Plaintiff requests "leave to depose Rene and conduct brief paper discovery."  *Id*. at 6.  As discussed i*nfra*, the Court's ruling is not based on any facts stated by Mr. Rene, and thus, Plaintiff's request is moot.

[3] Its members are citizens of Michigan and Ontario, Canada.  *See id*. ¶ 1.

implied warranties under the Uniform Commercial Code, Okla. Stat. tit. 12A, §§ 2-313 to 2-315.[4] Federal subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

Power Partners initially moved for dismissal of the action on the same grounds asserted in its present Motion. Upon examination of the Complaint, however, the Court raised *sua sponte* a lack of sufficient factual allegations to establish the citizenship of certain parties, and directed Plaintiff to amend its pleading. The Amended Complaint both cured this deficiency and added factual allegations regarding shipments of drivers from Inventronics USA, Inc. in Oklahoma to Plaintiff in Michigan. *See* Am. Compl. [Doc. No. 37], ¶¶ 8, 11. Plaintiff also included as an additional exhibit, a copy of an invoice from Inventronics USA, Inc. dated July 25, 2011. *See id.* Ex. 9 [Doc. No. 37-9]. Power Partners has renewed its Motion in response to the Amended Complaint.

**Standard of Decision**

Plaintiff "bears the burden of establishing personal jurisdiction over [a] defendant." *Intercon, Inc. v. Bell Atl. Internet Sol.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see Rockwood Select Asset Fund XI(6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179 (10th Cir. 2014); *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). Where, as here, the issue is presented for decision on the basis of allegations and affidavits or written materials, Plaintiff "need only make a prima facie showing that jurisdiction exists." *Intercon*, 205 F.3d at 1247 (internal quotation omitted); *see Shrader*, 633 F.3d at 1239;

---

[4] The Amended Complaint cites the Oklahoma Statutes but does not explain why Plaintiff believes the warranty claims are governed by Oklahoma law.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). At this stage, the Court must accept "'as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff['s] complaint'" and "resolve any factual disputes in the plaintiff's favor." *Shrader*, 633 F.3d at 1239 (quoting *Dudnikov*, 514 F.3d at 1070); *see Intercon*, 205 F.3d at 1247.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Employers*, 618 F.3d at 1159 (internal quotation omitted). Under Oklahoma law, the personal jurisdiction inquiry is simply the due process analysis. *Intercon*, 205 F.3d at 1247; *see Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012). The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247.

**Discussion**

**A. Minimum Contacts – Legal Standard**

The minimum contacts standard may be satisfied by showing general or specific personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct.

1773, 1179-80 (2017). General jurisdiction refers to a court's power to hear claims against a nonresident defendant whose "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear*, 564 U.S. at 919) (alteration in *Daimler*).[5] Specific jurisdiction requires that "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Squibb*, 137 S. Ct. at 1780 (quoting *Daimler*, 134 S. Ct. at 754) (internal quotation omitted and emphasis added in *Bristol-Myers*). Plaintiff relies solely on specific jurisdiction to establish personal jurisdiction over Power Partners in Oklahoma. *See* Pl.'s Resp. Br. [Doc. No. 51] at 1 ("specific personal jurisdiction exists . . . as it relates to this transaction").

Specific personal jurisdiction "requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities.'" *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 472); *see Intercon*, 205 F.3d at 1247; *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005).[6] To satisfy

---

[5] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924; *see Bristol-Myers*, 137 S. Ct. at 1780; *Daimler*, 134 S. Ct. at 760-61. "'[O]nly a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Bristol Myers*, 137 S. Ct. at 1780 (quoting *Daimler*, 134 S. Ct. at 760).

[6] Stated differently: "Under the specific-jurisdiction requirement, a plaintiff satisfies the minimum-contacts standard by showing that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Employers*, 618 F.3d at 1160 (internal quotations and citations omitted).

5

the first prong, Plaintiff must demonstrate that Power Partners "'purposefully directed' its activities at the forum state . . . or 'purposely availed' itself of the privilege of conducting activities or consummating a transaction in the forum state." *Dudnikov*, 514 F.3d at 1071. Purposeful availment generally requires affirmative conduct by the nonresident defendant that creates a substantial connection to the state; "random, fortuitous, or attenuated contacts" or "the unilateral activity of another party" is insufficient. *See Burger King*, 471 U.S. at 475 (internal quotations omitted).

B. **Minimum Contacts – Application to Plaintiff's Case**

Aside from arguing that specific jurisdiction exists for this action against Power Partners, Plaintiff's theory of "minimum contacts" with the forum is not entirely clear. Plaintiff seems to argue that its contractual relationship with Power Partners is sufficiently connected to Oklahoma because Plaintiff's contacts with Inventronics USA, Inc. led to the sales transactions with Power Partners and because Power Partners distributes products of Inventronics, Inc. and so necessarily has a relationship with Inventronics USA, Inc. *See* Pl.'s Resp. Br. [Doc. No. 51] at 2-3, 5-6.

Although not cited in its response brief, Plaintiff provides the declaration of "an equity owner and employee," Arthur Stoll, stating that Plaintiff's decision to purchase the drivers began with conversations and meetings with "Inventronics USA's Oklahoma-based personnel . . . in June 17-19, 2011 in Philadelphia, PA" and an order of "drivers directly from Inventronics USA in Oklahoma." *See* Stoll Decl. [Doc. No. 51-1], ¶¶ 2, 4. Plaintiff later decided to purchase the drivers from Power Partners because it could supply the same products and "offered more favorable terms than Inventronics USA." *Id*. ¶ 5. After

problems arose, Plaintiff had communications regarding quality issues and product testing with, and received input for decisions from, "Inventronics USA's personnel." *Id.* ¶ 7. Mr. Stoll also states a belief based on his industry experience that "there is an agreement between Inventronics USA and [Power Partners] specifying the nature and extent of their relationship." *Id.* ¶ 9. Based on Plaintiff's arguments and factaul submission, the Court understands that Plaintiff relies on a contract-based theory of specific personal jurisdiction over Power Partners.[7]

---

[7] Plaintiff's fraud claim against Power Partners might permit a tort-based jurisdictional analysis under *Calder v. Jones*, 465 U.S. 783 (1984). The Tenth Circuit has held that in a tort-based action "'purposeful direction' has three elements: (a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *See Niemi v. Lasshoffer*, 770 F.3d 1331, 1348 (10th Cir. 2014); *Newsome v. Gallacher*, 722 F.3d 1257, 1264-65 (10th Cir. 2013); *see Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016); *Dudnikov*, 514 F.3d at 1072. "In addition, a plaintiff's injuries must 'arise out of defendant's forum-related activities.'" *Anzures*, 819 F.3d at 1280 (quoting *Dudnikov*, 514 F.3d at 1071). Recently, in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), the Supreme Court clarified the "purposeful direction" inquiry in tort cases and held "the defendant's suit-related conduct must create a substantial connection with the forum State." This "defendant-focused" inquiry requires that "the relationship between a defendant and the forum State must arise out of contacts that the defendant *himself* creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (internal quotation omitted, emphasis in original); *see Anzures*, 819 F.3d at 1280.

Plaintiff does not allege any intentional conduct by Power Partners related to the alleged fraud that was aimed at Oklahoma or created a substantial connection with the state. Instead, Plaintiff affirmatively states that "Massachusetts law should apply to the fraud claim because the direct false representations were made from Power Partners in Massachusetts." See Am. Compl. [Doc. No. 37], ¶ 38. The only fraudulent conduct arguably connected to Oklahoma is an alleged "bait and switch tactic" involving the use of higher-quality samples supplied by Inventronics USA, Inc. Id. ¶¶ 32-34. Accepting this allegation as true, it suggests only Oklahoma-related conduct by someone other than Power Partners based on the fortuitous circumstance that Inventronics USA, Inc. is located here. These facts are insufficient to establish personal jurisdiction over Power Partners in Oklahoma for injuries suffered in Michigan based on tortious conduct in Massachusetts.

As noted by the court of appeals, "[t]he application of [due process] standards to contracts made between citizens of different states is not without difficulty" but is guided by the Supreme Court's opinion in *Burger King*. *See Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.*, 896 F.2d 1233, 1237 (10th Cir. 1990). The Supreme Court in *Burger King* "rejected the notion that personal jurisdiction might turn on 'mechanical' tests . . . or on 'conceptualistic . . . theories of the place of contracting or of performance . . . .'" *Burger King*, 471 U.S. at 478. "In order to assess whether minimum contacts occurred in a contract case, we look at 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *AST Sports Science, Inc. v. CLF Distrib. Ltd.* 514 F.3d 1054, 1058 (10th Cir. 2008) (quoting *Burger King*, 471 U.S. at 479). "A contract alone does not subject a nonresident defendant to the jurisdiction of the subject forum," but additional facts that demonstrate the pursuit of an ongoing business relationship connected to the forum will support jurisdiction. *See id.* at 1059.

In this case, accepting Plaintiff's well-pleaded factual allegations as true, Plaintiff's action against Power Partners arises from a series of sales transactions or commercial contracts between them – both nonresidents of Oklahoma – involving goods manufactured in China. The connection to Oklahoma arises from the alleged involvement of a third party – Inventronics USA, Inc. – who cultivated Plaintiff's interest in Inventronics, Inc.'s drivers through initial discussions and sales, and induced Plaintiff to purchase the drivers for use in its lighting products. Plaintiff suggests that Power Partners had an ongoing relationship with Inventronics USA, Inc. as the American representative or agent of Inventronics, Inc.

and that Power Partners' connection to Inventronics USA, Inc. provides the necessary contacts with Oklahoma to satisfy due process.

Upon consideration of the jurisdictional issue presented, the Court finds that Plaintiff has not presented sufficient facts from which to conclude that *the contractual relationship between Plaintiff and Power Partners* had a minimally sufficient connection to Oklahoma to establish specific jurisdiction for this action. There was no written agreement that defines the contours of their relationship. No factual information is provided that would link Oklahoma in any significant way to the negotiations between Plaintiff and Power Partners, their performance of a sales agreement, or the contemplated consequences. Where Plaintiff provides information in the Amended Complaint regarding alleged breaches of warranties by Power Partners, the facts appear to show communications and contacts between Plaintiff in Michigan and Power Partners in Massachusetts. *See* Am. Compl. [Doc. No. 37], ¶¶ 12-16, 23-24.

Accepting the well-pleaded facts presented by Plaintiff, the Court finds Plaintiff has not alleged sufficient facts to show that Power Partners purposely availed itself of the privilege of conducting sales-related activities in Oklahoma. Plaintiff has not shown the sales agreements between Plaintiff and Power Partners, their negotiations and communications, their performance, or any ongoing relationship between Plaintiff and Power Partners regarding the sale of Inventronics, Inc.'s products had any substantial connection to Oklahoma. Plaintiff also has not shown that it and Power Partners contemplated Inventronics USA, Inc. would have an established or continuing role in their relationship or that Inventronics USA, Inc. actually played any significant part in their

course of dealing. In short, one could not reasonably conclude that Power Partners purposely availed itself of the privilege of conducting sales activities in Oklahoma or that this action arises out of any Oklahoma activities by Power Partners. Therefore, Plaintiff has failed to show that specific jurisdiction exists for a suit in Oklahoma regarding Power Partner's alleged breaches of warranties arising from sales of Chinese-made goods to Plaintiff in Michigan.

The Supreme Court's recent decision in *Bristol-Myers* is instructive. In that case, the Supreme Court held that California courts lacked specific jurisdiction over a nonresident pharmaceutical company, Bristol-Myers Squibb Company or "BMS," for a suit by nonresident plaintiffs bringing California-law claims for injuries allegedly caused by a prescription drug, *Plavix*, that BMS manufactured and sold to consumers nationwide. The Court found insufficient suit-related contacts between BMS and California to establish specific jurisdiction there. The Court noted:

> "[T]he nonresidents were not prescribed *Plavix* in California, did not purchase *Plavix* in California, did not ingest *Plavix* in California, and were not injured by *Plavix* in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested *Plavix* in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S., at –, 134 S. Ct. at 1123.

*Bristol-Myers*, 137 S. Ct. at 1781.[8] The Court rejected the plaintiffs' argument that BMS's relationship with a California-based distributor was sufficient:

---

[8] The Court had earlier noted that "BMS did not develop *Plavix* in California, did not create a marketing strategy for *Plavix* in California, and did not manufacture, label, package, or

10

> [Plaintiffs] contend that BMS's "decision to contract with a California company [McKesson] to distribute [*Plavix*] nationally" provides a sufficient basis for personal jurisdiction. But as we have explained, "[t]he requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *see Walden*, 134 S. Ct. at 1123 ("[A] defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction"). In this case, it is not alleged that BMS engaged in relevant acts together with McKesson in California. Nor is it alleged that BMS is derivatively liable for McKesson's conduct in California. And the nonresidents "have adduced no evidence to show how or by whom the *Plavix* they took was distributed to the pharmacies that dispensed it to them." The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State.

*Id*. at 1783 (citations to the record and parallel case citations omitted).

Similarly here, Plaintiff does not allege that Power Partners engaged in acts together with Inventronics USA, Inc. in Oklahoma that are relevant to Plaintiff's claims in this case or that Power Partners is derivatively liable for Inventronics USA, Inc.'s conduct in Oklahoma. The fact that Power Partners may have some contractual relationship with Inventronics USA, Inc. is not enough to establish personal jurisdiction over Power Partners for Plaintiff's suit in Oklahoma regarding sales to Plaintiff in Michigan. Therefore, the Court finds that Plaintiff has failed to show a sufficient basis for the exercise of specific personal jurisdiction over Power Partners for this suit in Oklahoma.

---

work on the regulatory approval of the product in California. BMS instead engaged in all of these activities in either New York or New Jersey." *Bristol-Myers*, 137 S. Ct. at 1778 (record citations omitted).

11

**Conclusion**

For these reasons, the Court finds that Plaintiff has failed to allege sufficient facts to establish personal jurisdiction over Power Partners in this forum and that this action against Power Partners should be dismissed for lack of personal jurisdiction.

IT IS THEREFORE ORDERED that Defendant Power Partners, Inc.'s Motion to Dismiss Amended Complaint [Doc. No. 43] is GRANTED. Defendant Power Partners, Inc. is DISMISSED without prejudice for lack of personal jurisdiction.

IT IS SO ORDERED this 19th day of September, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE